COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


TRI-CITIES INDUSTRIAL BUILDERS, INC.
AND
NORTHERN INSURANCE COMPANY OF NEW YORK
                                        MEMORANDUM OPINION[*]
v.   Record No. 2038-98-3                  PER CURIAM
                                         JANUARY 26, 1999
ARLAN EUGENE DUNCAN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Bruce G. Sandmeyer; Brumberg, Mackey & Wall,
              on brief), for appellants.

              (Gerald F. Sharp; Browning, Lamie & Sharp, on
              brief), for appellee.


     Tri-Cities Industrial Builders, Inc. and its insurer

(hereinafter referred to as "employer") contend that the Workers'

Compensation Commission ("commission") erred in finding that

Arlan Eugene Duncan's back injury and resulting disability were

causally related to his compensable January 6, 1997 injury by

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

_____

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

In holding that Duncan proved that his back injury was causally related to his compensable injury by accident, the commission found as follows:

> We are persuaded by the medical record that [Duncan's] back injury was an initial part of the work-related injury. While a groin/abdominal wall injury was diagnosed by the emergency room physician, and originally by Dr. [Jacinto] Alvarado, all medical records reflect complaints of back pain as well. The emergency room nurse noted that [Duncan's] pain radiated into his back. After his initial examination on January 13, 1997, Dr. Alvarado wrote that he "was seen at SCCH ER about a week ago for a <u>pulled muscle on the rt side that goes from the back to the groin</u>. . . ." and then prescribed physical therapy for his back [emphasis added]. Upon the first physical therapy session on January 14, 1997, the therapist recorded that "he was lifting at work and felt a sharp pain in his back. . . ." Dr. Alvarado's follow-up office note of January 29, 1997, reflects that the visit was for a "recheck" of [Duncan's] back and that he "was seen <u>here about 2 weeks ago</u> when <u>we detected</u> some pain on the rt groin that went from the <u>back down</u> . . ." [emphasis added]. Clearly, the treating physician was recalling symptoms noted in the previous visit and acknowledging the continuous presence of back pain in conjunction with the groin problem.

Our finding is not disturbed by Dr. Alvarado's vague statement on August 5, 1997, that the claimant "may have done some heavy lifting in January and that could have been his initial problem. . . ." for several reasons. First, his office notes do not reflect a thorough account of how the injury occurred. Accordingly, we do not conclude that Dr. Alvarado would give a precise statement on causation when his records do not specify the conditions surrounding the accident. . . . Lastly, there is no medical evidence that the back problems arose from a source other than the accident on January 6, 1997.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). In its role as fact finder, the commission was entitled to weigh Dr. Alvarado's medical records and to determine what weight, if any, to give to his August 5, 1997 office note. Dr. Alvarado's medical records and the initial emergency room records, coupled with the "Employee Statement," provide credible evidence from which the commission could reasonably infer that claimant sustained a back injury as a result of his January 6, 1997 compensable injury by accident. "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>